RENDERED: SEPTEMBER 19, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1148-MR

KAREN BLANC AND KAREN
BLANC, AS EXECUTOR OF THE
ESTATE OF CURTIS BLANC                                          APPELLANTS

v.

APPEAL FROM CALLOWAY CIRCUIT COURT
HONORABLE ANDREA L. MOORE, JUDGE
ACTION NO. 21-CI-00049

BAPTIST HEALTHCARE SYSTEM,
INC.; BAPTIST HEALTH MEDICAL
GROUP, INC.; AND DR. BRIAN LEA                                  APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND A. JONES, JUDGES.

THOMPSON, CHIEF JUDGE: Karen Blanc, individually and as Executor of the

Estate of Curtis Blanc (Appellant), appeals from an order of the Calloway Circuit

Court granting summary judgment in favor of Baptist Healthcare System, Inc.,

Baptist Health Medical Group, Inc., and Dr. Brian Lea (Appellees). Appellant

argues that the circuit court erred in granting summary judgment because it improperly failed to conclude that Dr. Lea's negligence was a substantial factor in the death of her husband, Curtis Blanc (Mr. Blanc). She also argues that Dr. Lea's negligence was a proximate cause in Mr. Blanc's death. After careful review and having considered the written and oral arguments of counsel, we find no error and affirm the order of summary judgment on appeal.

## FACTS AND PROCEDURAL HISTORY

On March 5, 2020, Dr. Brian Lea performed a cardiology preoperative risk assessment on Mr. Blanc. The examination was conducted in anticipation of Mr. Blanc having elective knee replacement surgery at Murray Calloway County Hospital in Calloway County, Kentucky. Dr. Lea's assessment centered on his interpretation of an electrocardiogram ("EKG"). The results of the EKG were also analyzed by computer software. The purpose of the examination was to determine if Mr. Blanc was at an unreasonable risk of experiencing a major adverse cardiac event ("MACE") during the surgical procedure. Based on the examination, Dr. Lea determined that Mr. Blanc was at a low risk for a MACE and cleared Mr. Blanc for the procedure.

On March 16, 2020, Mr. Blanc underwent the elective knee replacement procedure, which was concluded without a MACE or other major complications. Dr. Lea did not participate in the surgical procedure nor Mr.

Blanc's recovery. The following day, Mr. Blanc experienced a pulmonary embolism, *i.e.*, a blood clot, which resulted in cardiac arrest. Mr. Blanc was resuscitated, but never regained consciousness. He was subsequently removed from life support with Appellant's consent and died at the age of 69. An autopsy indicated that Mr. Blanc had atherosclerotic heart disease, with two coronary arteries showing 80% blockages. Appellant's medical expert would later hypothesize that the blood clot originated in Mr. Blanc's legs and travelled to his lungs.

On February 19, 2021, Appellant filed the instant action in Calloway Circuit Court against Dr. Lea and Baptist Health Medical Group, Inc. d/b/a Baptist Health Medical Group Cardiology.[1] The complaint alleged in relevant part that Dr. Lea breached a duty of care to Mr. Blanc by failing to properly diagnose his cardiac risk factors prior to surgery, and that this failure proximately resulted in Mr. Blanc's death. The complaint further asserted that Baptist Health Medical Group bore culpability pursuant to the doctrines of *respondent superior* and/or agency. Appellees answered with a general denial.

The matter proceeded in Calloway Circuit Court, with Appellees filing a motion for summary judgment on July 8, 2024. In support of the motion, Appellees argued that Dr. Lea examined Mr. Blanc solely for the risk of a MACE

---

[1] Dr. Lea is a cardiologist practicing at Baptist Health Medical Group Cardiology.

occurring during the surgical procedure. They asserted that the cardiac risk assessment for surgery was not designed nor intended to predict a future pulmonary embolism or other major cardiac event occurring after the surgery had concluded. Appellees maintained that since Dr. Lea had no duty to assess the risk of cardiac events occurring after surgery had concluded, it was impossible for Appellant to prevail on her complaint if the matter proceeded to trial. Appellant filed a brief in opposition to the motion.

After considering the parties' written and oral arguments on the motion, the Calloway Circuit Court entered an order on September 18, 2024, granting Appellees' motion for summary judgment. In granting the motion, the circuit court determined that it was undisputed that Appellees were not involved in Mr. Blanc's surgery, his post-operative care, nor the efforts to save him. The court also found that the MACE evaluation was narrowly constrained to the risk of certain major cardiac events occurring during surgery and was not intended to predict a future pulmonary embolism. The court rhetorically asked in its order, "[s]o, since Mr. Blanc died from a condition that Dr. Lea was not responsible for evaluating, estimating, or preventing, why has Dr. Lea been sued?" In sum, the Calloway Circuit Court concluded that Dr. Lea had no duty to evaluate the risk of a pulmonary embolism occurring the day after the surgery concluded; that Appellant could not prove a breach of a duty proximately resulting in Mr. Blanc's death if the

-4-

matter proceeded to trial; and, that Appellees were therefore entitled to summary judgment. This appeal followed.

## STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rules of Civil Procedure ("CR") 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id.* "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

## ARGUMENTS AND ANALYSIS

Appellant argues that the Calloway Circuit Court committed reversible error in granting Appellees' motion for summary judgment. Her argument focuses on causation. Specifically, Appellant asserts that the circuit court erred in failing to conclude that when the record is viewed in a light most favorable to her as the non-movant, it supports her contention that Dr. Lea's negligence was both 1) a substantial factor in, and 2) a proximate cause of Mr. Blanc's death.

In support of this argument, Appellant directs our attention to *Restatement of Torts (Second)* § 431 (1965), which states that an actor's negligence is the legal cause of harm to another if his conduct is a substantial factor in bringing about the harm. *See also Lewis v. B & R Corp.*, 56 S.W.3d 432, 437 (Ky. App. 2001). As applied herein, Appellant argues that Dr. Lea's negligence in his preoperative examination was a substantial factor in causing the elective surgery that killed Mr. Blanc. She points to the testimony of her medical expert, Dr. Brian Swirsky, who expressed disagreement with the level of preoperative risk assigned by Dr. Lea in the preoperative evaluation. Dr. Swirsky opined that if Dr. Lea had properly assigned a high level of risk to the elective surgery, Mr. Blanc would have not had the surgery, and it would follow that no pulmonary embolism would have resulted. Dr. Swirsky stated his belief that the pulmonary embolism "was not

-6-

coincidental at that time and unrelated to the surgery. It was directly related to the surgery." Thus, Appellant argues that but for Dr. Lea's negligent assignment of a low risk for a MACE, the pulmonary embolism would not have occurred, and Dr. Lea's negligence would not have been a substantial factor in Mr. Blanc's death per *Restatement of Torts (Second)* § 431 and the supportive case law.

As to her claim that Dr. Lea's negligence proximately caused Mr. Blanc's death, Appellant argues that though Dr. Lea's negligence was not the direct cause of Mr. Blanc's death, it set in motion a chain of events proximately resulting in his death. That is to say, she asserts that Mr. Blanc's death would not have occurred but for Dr. Lea's negligent interpretation of the MACE evaluation and improper failure to follow up with additional testing and evaluation. Appellant argues that when the evidence of Dr. Lea's negligence is viewed in a light most favorable to her as the non-movant, it created genuine issues of material fact requiring a denial of Appellees' motion for summary judgment.

The Kentucky Supreme Court's opinion in *Pathways, Inc. v. Hammons*, 113 S.W.3d 85 (Ky. 2003), provides guidance in the matter before us. In *Pathways*, the plaintiff was a mentally ill woman who was placed in a boarding facility by Pathways for treatment. While at the facility, the plaintiff was sexually assaulted. She filed an action against Pathways alleging that her placement at the facility was negligent which proximately resulted in the assault. The complaint

was dismissed by way of summary judgment.  On appeal, the Kentucky Supreme

Court stated:

> Because the trial court disposed of Hammons'
> claims against Pathways on summary judgment, in order
> to prevail on appeal, Pathways must show that there is no
> genuine issue of material fact and that it was entitled to
> judgment as a matter of law.  This is a negligence case,
> which requires proof that (1) the defendant owed the
> plaintiff a duty of care, (2) the defendant breached the
> standard by which his or her duty is measured, and (3)
> consequent injury.  Consequent injury consists of what
> hornbooks separate into two distinct elements: actual
> injury or harm to the plaintiff *and* legal causation
> between the defendant's breach and the plaintiff's
> injury.  Duty, the first element, presents a question of
> law.  Breach and injury are questions of fact for the jury
> to decide.  The last element, legal causation, presents a
> mixed question of law and fact.
>
> Thus, for Pathways to be entitled to judgment as a
> matter of law, it must show that (1) it was impossible for
> Hammons to produce any evidence in her favor on one or
> more of the issues of fact; (2) under the undisputed facts
> of the case, it owed no duty to Hammons; or (3) as a
> matter of law, any breach of a duty it owed to Hammons
> was not a legal cause of her injuries.

*Id.* at 88-89 (emphasis in original) (internal quotation marks and citations).

Applying this to the matter before us, in order to prevail, Appellant

would have to offer proof that 1) Dr. Lea owed Mr. Blanc a duty of care; 2) that

Dr. Lea breached the standard by which his duty is measured; and 3) consequent

injury.  And as in *Pathways*, Appellees herein are entitled to summary judgment if

1) it was impossible for Appellant to produce any evidence in her favor on one or

more issues of fact; or, 2) under the undisputed facts, Dr. Lea owed no duty to Mr. Blanc; or, 3) as a matter of law, any breach of a duty owed to Mr. Blanc was not the legal cause of Mr. Blanc's death.

In considering these issues, the Calloway Circuit Court determined that Dr. Lea did not owe to Mr. Blanc a duty to foresee nor otherwise mitigate the risk a pulmonary embolism occurring the day after the completion of Mr. Blanc's knee surgery, when Mr. Blanc was preparing to be discharged from the hospital. This conclusion is supported by the record and the law. It is undisputed that Dr. Lea's preoperative evaluation of Mr. Blanc was conducted for the sole purpose of determining Mr. Blanc's risk of a MACE occurring during surgery. Dr. Lea did not have a duty to establish a risk assessment for a pulmonary embolism occurring after Mr. Blanc's surgery had concluded. When questioned on this matter in his deposition, Appellant's expert witness, Dr. Swirsky, engaged in the following exchange with Appellees' counsel:

> Q: You agree that when Dr. Lea examined Mr. Blanc on March 5th, 2020, Dr. Lea was not trying to evaluate Mr. Blanc's risk of a pulmonary embolism?
>
> Dr. Swirsky: Yes.
>
> Q: Was Dr. Lea responsible for evaluating Mr. Blanc's risk of a pulmonary embolism?
>
> Dr. Swirsky: No.

By acknowledging that Dr. Lea was not responsible for evaluating Mr. Blanc's risk of a pulmonary embolism, he was communicating that Dr. Lea had no duty to evaluate Mr. Blanc's risk of a post-surgical pulmonary embolism. The recognition of a duty is a question of law for the circuit court. *Pathways, Inc.*, *supra*. Dr. Swirsky's deposition, taken in concert with Dr. Lea's testimony and the entirety of the record, amply supports the Calloway Circuit Court's conclusion that Dr. Lea did not have a duty to assess the risk of a post-operative pulmonary embolism.

Appellant asserts that if Dr. Lea had properly found Mr. Blanc to be at a heightened risk of experiencing a MACE during the surgical procedure, or at least referred him for further evaluation, Mr. Blanc would not have had the surgery. She then argues that if Mr. Blanc had not gone ahead with the surgery, he would not have experienced the pulmonary embolism. On this basis, she attempts to connect Dr. Lea's alleged negligence with the post-surgical occurrence of the pulmonary embolism.

We now know with the benefit of hindsight that Mr. Blanc did not experience a MACE during surgery. It follows that Dr. Lea's risk assessment was wholly correct, and a correct assessment may not reasonably be characterized as a negligent assessment. Since Dr. Lea's assessment was not negligent, it was not a

substantial factor in nor proximate cause of Mr. Blanc's death.  The circuit court properly so found.

## CONCLUSION

The Calloway Circuit Court correctly concluded that Dr. Lea did not have a duty to assess the risk of Mr. Blanc experiencing a pulmonary embolism subsequent to his elective surgery.  Further, Dr. Lea's risk assessment was correct, as Mr. Blanc did not experience a MACE during surgery.  As such, Dr. Lea's preoperative evaluation of Mr. Blanc was neither a substantial factor in nor a proximate cause of Mr. Blanc's death.  There remain no genuine issues of material fact, and Appellees were entitled to a judgment as a matter of law.  *Scifres*, *supra*.  For these reasons, we find no error and affirm the order of the Calloway Circuit Court granting summary judgment in favor of Appellees.


ACREE, JUDGE, CONCURS.

JONES, A., JUDGE, CONCURS IN RESULT ONLY.

BRIEFS FOR APPELLANT:

Brian Jasper
Nick Horne
Louisville, Kentucky


ORAL ARGUMENTS FOR
APPELLANT:

Tad Thomas
Prospect, Kentucky

BRIEF AND ORAL ARGUMENTS
FOR APPELLEES:

David T. Riley
Paducah, Kentucky